**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ROADBUILDERS MACHINERY SUPPLY CO., INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | Case No. 11-CV-2298–DJW |
| OSHKOSH CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Production of Documents and for Extension of Expert Report Deadline ("Motion to Compel") (ECF No. 20). Defendant requests an order compelling the Plaintiff to fully respond to Request for Production Nos. 4, 6, 7, 8, 9, 14, 15, 18 and 19, contained in Defendants Second Request for Production of Documents to Plaintiff ("Document Requests") (ECF No. 20-3). For the reasons set forth below, the motion is granted in part and denied in part.

**I.      Relevant Factual Background**

Roadbuilders Machinery Supply Co., Inc., ("Roadbuilders") brings this action against Oshkosh Corporation ("Oshkosh") alleging wrongful termination of the parties' dealership agreement without good cause, without notice, and without a chance to cure any alleged cause for termination in violation of Neb. Rev. Stat. § 87-701, *et seq.*[1]  Stated generally, Roadbuilders and Oshkosh entered into a dealership agreement on October 1, 2005.[2]  Under the terms of the dealership agreement, Roadbuilders was responsible for selling, marketing, stocking, and

---

[1] Compl. ¶ 16 (ECF No. 1).

[2] *Id.* Ex. 1.

servicing, among other things, certain industrial equipment manufactured by Oshkosh.[3] Roadbuilders alleges that on December 6, 2010, Oshkosh terminated the franchise agreement, effective immediately, in violation of Nebraska law. Defendant asserts that Roadbuilders consented to the termination.

Oshkosh's Motion to Compel (ECF No. 20) concerns its Document Requests, served on Roadbuilders on January 26, 2012. Roadbuilders objected to Document Request Nos. 4 and 6, alleging that responsive documents were previously produced. Roadbuilders additionally objected to Document Request Nos. 7, 8, 9, and 15 alleging that those requests were not reasonably calculated to lead to the discovery of admissible evidence. Roadbuilders objected to Document Request Nos. 14 and 19, which both request the same documents, arguing that the requests are overbroad and unduly burdensome. Finally, Roadbuilders asserted that Document Request No. 18 is irrelevant.

Oshkosh, by its Motion to Compel (ECF No. 20), seeks to compel Roadbuilders to respond fully and without objection to Document Nos. 4, 6, 7, 8, 9, 14, 15, 18, and 19. The Court will address each of these requests in turn.

**II.   Conferral**

The Federal Rules of Civil Procedure and this district's local rules require a moving party to confer with opposing counsel about the discovery dispute at issue before filing a motion to compel.[4] The Court is satisfied that the correspondence between the parties, attached as exhibits,[5] shows Roadbuilders and Oshkosh conferred in good faith about the subject matter of

---

[3] *Id.*

[4] Fed. R. Civ. P. 37(a)(1); D. Kan. Rule 37.2.

[5] *See* Def.'s Mot. to Compel Produc. of Docs. and for Extension of Expert Report Deadline (hereinafter "Mot. to Compel") Ex. A (ECF No. 20-1) and Ex. B (ECF No. 20-2).

all of the disputed discovery requests. The Court finds both parties have complied with the procedural conferral requirements before seeking judicial intervention in this matter. Moreover, it does not appear additional attempts between the parties to resolve this discovery dispute would be productive at this time.

## III.     Requests for Production in Dispute

### A.     Previously Produced

Although Roadbuilders did not make a formal objection, Oshkosh seeks to have the Court compel responses to Document Request Nos. 4 and 6. Oshkosh seeks this order because Roadbuilders alleged that they had already supplied responsive documents to these document requests. By contrast, Oshkosh asserts that Roadbuilders has not supplied responsive documents to these requests and that additional and more detailed documents are necessary. The parties agree that Roadbuilders has produced some documents, and the parties' disagreement apparently relates only to whether Roadbuilders has fully complied with Document Request Nos. 4 and 6. Consequently, this Court will consider whether the documents that Roadbuilders has supplied in response to these requests fairly satisfy the terms of the requests. While it is Roadbuilders' mandatory duty to disclose documents that are lawfully requested, Oshkosh is not entitled to alter the contents of its initial request by way of its Motion to Compel, whether by requesting additional documents or documents that contain more detailed information than the initial document request contemplated.

### 1.     Document Request No. 4

In Document Request No. 4, Oshkosh requested "[a]ll documents referring to, relating to or showing your claim that Roadbuilders suffers lost business profits."[6] Roadbuilders responded

---

[6] Mot. to Compel, Ex. C (ECF No. 20-3).

that these documents were "[p]reviously produced."[7] The parties agree that Roadbuilders has supplied documents, including documents relating to the calculation of alleged damages, customer purchase orders and in-house calculation of 10 years' future lost profit, which largely satisfy Document Request No. 4. But Oshkosh asserts that Roadbuilders failed to provide any documents relating to variable expenses that should have been properly allocated to Roadbuilders' anticipated future profits. It follows, Oshkosh's argument proceeds, that Roadbuilders' response to this document request was insufficient. In response, Roadbuilders argues that variable costs were deducted in calculating anticipated profits and any documents showing these amounts have been produced. Moreover, Roadbuilders asserts that they have produced any and all documents that are within a reasonable reading of Document Request No. 4.

The Court is satisfied that Roadbuilders' production of documents in response to Document Request No. 4 is sufficient. Roadbuilders supplied detailed calculations of the requested damages, including purchase orders, expenses and some related documents. Although the parties dispute whether all documents related to variable costs that could be properly allocated to profits from the sale of Oshkosh equipment were provided, the Court finds that Roadbuilders' response was reasonably sufficient to satisfy the request for documents related to its claim of lost profits. To require Roadbuilders to provide every document relating to any expense that might be properly allocable to a piece of Oshkosh machinery would be unduly burdensome and go well beyond a fair reading of Document Request No. 4. Moreover, Roadbuilders will remain under the obligation to disclose documents responsive to this request

---

[7] *Id.*

as they become available. Accordingly, Oshkosh's Motion to Compel with respect to Document Request No. 4 is denied.

**2.     Document Request No. 6**

In Document Request No. 6, Oshkosh requested:

"All documents referring to, relating to or showing your claim that Roadbuilders lost investment in training, educating and employing personnel to sell, promote and service Oshkosh equipment and products as a result of any alleged conduct of Oshkosh."[8]

In response to this request, Roadbuilders asserted that all responsive documents had been "[p]reviously produced."[9] Oshkosh argues that Roadbuilders has not supplied responsive documentation with respect to this request. Oshkosh argues that it is entitled to these documents because it is essential that they understand how Roadbuilders' calculated the requested damages. Despite the argument that previously produced documents are non-responsive, Oshkosh neither explains why the previously produced documents fail to satisfy Document Request No. 6 nor notes any specific documents it believes would be responsive to this request. Roadbuilders responds that all documents responsive to Document Request No. 6 were previously provided. It argues that in response to Document Request No. 4 it included documentation for expenses related to its employees. For these reasons, Roadbuilders asks this Court to deny this motion with respect to Document Request No. 6.

The document disclosures already made by Roadbuilders are a reasonably sufficient response to Document Request No. 6. Roadbuilders previously-produced expense calculation accounts for employee-related expenses and allocates them to Oshkosh equipment. Providing a calculation of employee expenses in relation to Oshkosh equipment is reasonable and responsive

---

[8] *Id.*

[9] *Id.*

to the request made in Document Request No. 6.  To the extent it is necessary to obtain more detailed information, Oshkosh must request such information with specificity that is absent in the currently pending request.  Additionally, to the extent that claims for investment losses or lost future profits from the servicing of Oshkosh equipment have been dropped, it is unnecessary for Roadbuilders to produce documents with respect to those formerly requested damages.  The Court finds the documents Roadbuilders produced detailing employee expenses are a sufficient response to Document Request No. 6, and accordingly, denies Oshkosh's Motion to Compel with respect to that request.

**B.     Relevancy Objections**

Roadbuilders refused to produce some documents requested in Oshkosh's Second Set of Document Requests (ECF No. 20-3), asserting that the documents requested were not relevant to the pending matter or that the requests were not reasonably calculated to lead to the discovery of admissible evidence. Relevancy is broadly construed during the discovery phase, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[10]  When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[11]  Conversely, when the relevancy of the

---

[10] *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005); *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

[11] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006).

requested discovery is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[12]

### 1.     Document Request No. 7, 8, and 9

Document Request Nos. 7, 8, and 9 request the production of related financial documents that share such similar characteristics that the Court will address them with the same analysis. Document Request No. 7 requests "[a]ll tax returns filed for the years 2000 through 2011."[13] Document Request No. 8 requests "[a]ll Financial Statements for the years 2000 through 2011."[14]  Document Request No. 9 requests "[a]ll sales analysis for the years 2000 through 2011."[15]  Roadbuilders responded to these requests by arguing that they were "not reasonably calculated to lead to the discovery of admissible evidence."[16]  Because Roadbuilders is seeking extensive financial damages for the next ten years of operation, which is the time the dealership agreement would have been in effect without Oshkosh's termination, Roadbuilders calculated its damages claim on estimations based on the past ten years' performance.  Oshkosh responded by requesting that Roadbuilders produce financial documents that disclose the details that underlie Roadbuilders' claim for estimated damages.

Oshkosh argues that the financial documents requested in Document Request Nos. 7, 8, and 9 are relevant or reasonably calculated to lead to the discovery of admissible evidence because they contain information that Roadbuilders relied on in estimating its damages from the

---

[12] *Id.* at 653; *Cardenas* 232 F.R.D. at 382.

[13] Mot. to Compel, Ex. C (ECF No. 20-3)

[14] *Id.*

[15] *Id.*

[16] *Id.*

alleged breach of dealership agreement.  Oshkosh provides the Court with a list of thirteen specific purposes that the disclosure of the financial documents would serve.  Roadbuilders responds that the list of purposes is vague to the point of uselessness.  Roadbuilders also objects that the company-wide information contained in the requested documents is unnecessarily broad to obtain discoverable evidence.  Finally, Roadbuilders provides the Court with specific responses to each of the thirteen justifications provided by Oshkosh for seeking the documents in question.

While the thirteen purposes are of varying persuasiveness, the Court is satisfied that the documents requested in Document Request Nos. 7, 8, and 9 are relevant on their face.  Roadbuilders entire claim for damages is premised on a ten-year estimate that uses the information contained in the requested documents.  Not only are the requested documents relevant on their face, but their contents appears to be at the very center of the dispute over the damages Roadbuilders will suffer as a result of Oshkosh's alleged breach.  Without access to some of the information contained in these financial documents,[17] Oshkosh would be unable to analyze, understand, or respond to Roadbuilders' claim for damages based on previous years' performance.  Because the requested documents are relevant on their face, the burden is on Roadbuilders to prove that the documents are not relevant, or in the alternative, that it is so

---

[17] The Court is aware that Oshkosh's request is broader than the narrowest request necessary to obtain the requested information because the documents contain company-wide information. The Court is satisfied, however, that this concern does not justify denying the motion for three reasons.  First, Roadbuilders objected to Document Request Nos. 7, 8, and 9 on the basis of relevancy.  Secondly, although the documents contain company-wide information, there is no indication that Oshkosh is seeking that information for the purpose of burdening or harassing Roadbuilders.  On the contrary, providing the relevant information contained in the documents by simply producing the documents is the least burdensome way of providing Oshkosh with the information to which it is entitled.  Finally, Oshkosh notes in its Motion to Compel (ECF No. 20) that it is entirely willing to consent to the designation of appropriate documents as "confidential" in accordance with the Court's prior Protective Order (ECF No. 13).

burdensome to produce the documents that any relevancy they have is outweighed by the burden of production.

Roadbuilders has failed to meet this high standard. Not only is the information contained in the requested financial statements highly relevant to their claim for damages, it also will likely shed light on Roadbuilders' operation with respect to Oshkosh's equipment. Roadbuilders focused on the alleged over-breadth of the request in its response, but as addressed above, production of the easily accessible documents containing the information is the least burdensome way for Oshkosh to obtain this information. The financial information contained in the documents requested by Document Request Nos. 7, 8, and 9 is essential to Oshkosh's defense in this case claiming damages that were calculated on the basis of the information contained in those documents. Roadbuilders' assertion that these requests were not reasonably calculated to obtain discoverable information is entirely without merit. Therefore, the Court grants Oshkosh's Motion to Compel with respect to Document Request Nos. 7, 8, and 9.

**2.   Document Request No. 15**

Document Request No. 15 requests "[a]ll documents referring to, relating to or showing your efforts to obtain an alternative source for the Oshkosh products you previously sold."[18] Roadbuilders responded to these requests by arguing that they were "not reasonably calculated to lead to the discovery of admissible evidence."[19] Initially, Oshkosh argues that documents showing Roadbuilders attempts to find a replacement product line are relevant or reasonably calculated to lead to the discovery of admissible evidence because Oshkosh is entitled to explore fully Roadbuilders' mitigation efforts, as such information relates directly to Roadbuilders' claim

---

[18] Mot. to Compel, Ex. C (ECF No. 20-3).

[19] *Id.*

9

for future damages. Roadbuilders counters this argument by asserting that mitigation of damages is an affirmative defense, which must be pleaded or it is waived. Roadbuilders notes that mitigation has not been pleaded and is thus not an aspect of the case. Therefore, it contends, discovery related to mitigation is not relevant.

The Court agrees. Oshkosh failed to plead mitigation of damages as an affirmative defense in its answer, and therefore this defense is waived. Oshkosh appears to concede this result, for in its reply brief, it abandons its argument that the information is relevant for mitigation purposes, and shifts gears propounding a different analysis. In its reply brief, Oshkosh contends Document Request No. 15:

> "seeks documents showing attempts to find a replacement product line. Oshkosh is entitled to these documents to test whether Roadbuilders 'cared' enough about the Oshkosh product line to attempt to find a substitute. This relates directly to Oshkosh's allegation that Roadbuilders did not concentrate at all on the sale of Oshkosh products, which lead [sic] to Oshkosh requesting voluntary termination of the Agreement."[20]

The Court is not convinced that the documents requested in Document Request No. 15 are relevant on their face. When the relevancy of the requested discovery is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. Oshkosh has not carried this burden. Therefore, the Court denies Oshkosh's Motion to Compel with respect to Document Request No. 15.

**3.      Document Request No. 18**

Document Request No. 18 requests that Roadbuilders produce:

> "All documents referring to, relating to or showing the customers to which you sold Oshkosh wholegoods, parts, service or warranty work, from 2000 to the present, including but not limited to, documents showing the amounts you received from such customers in exchange for wholegoods, parts, service or warranty work."[21]

---

[20] Reply Brief, at 9 (ECF No. 28).
[21] Mot. to Compel, Ex. C (ECF No. 20-3).

Roadbuilders objected to Document Request No. 18, arguing that the request had no relevance to the case because Roadbuilders was not claiming damages based on lost sales of parts or service work.[22] Roadbuilders did provide documents responsive to Oshkosh "wholegoods," or new equipment, but failed to produce documents responsive to Oshkosh's other requests. Oshkosh argues generally that Roadbuilders must produce documents responsive to Document Request No. 18 because they are seeking damages for ten years. Oshkosh asserts that because Roadbuilders is seeking damages for ten years, they should not be permitted to refuse to produce information on customer-related income. Moreover, Oshkosh asserts that information about parts, service, or warranty work is relevant to their assertion that the termination of the dealership agreement related to Roadbuilders' failure to concentrate on selling Oshkosh goods. Oshkosh does not dispute that Roadbuilders provided documents responsive to the "wholegoods" element of Document Request No. 18. Roadbuilders responds that Oshkosh has never argued that the termination was based on dissatisfaction with Roadbuilders' execution of the dealership agreement. Moreover, Roadbuilders argues, the documents related to parts, service, and warranty work are not stored separately and would be burdensome to retrieve.

      The Court has reviewed Document Request No. 18 and concludes that it appears relevant on its face. Roadbuilders is pursuing claims for damages arising from lost profits relating to the allegedly wrongful termination of the parties' dealership agreement. The documents relating to Roadbuilders' operations and profits relating to their dealership agreement with Oshkosh are apparently relevant to determining both the legality of the termination and the appropriate measure of any damages. Accordingly, Roadbuilders has the burden of proving that the

---

[22] *Id.*

documents requested fall outside of relevance as defined in Fed. R. Civ. P. 26(b)(1) or that the marginal relevance of documents is of such little value to the action that the potential harm by compelling the production outweighs the general presumption in favor of relevance. Roadbuilders has failed to meet this high burden. Although the documents requested in Document Request No. 18 might not provide direct numerical guidance on the issue of damages, the requested financial information is relevant to the determination of how Roadbuilders calculated its alleged damages. Moreover, the legality of the dealership agreement's termination could turn on information contained in Roadbuilders' business files that specifically contain information relating to the parties' dealership relationship. The Court is satisfied that Roadbuilders has failed to meet the burden of demonstrating that the documents requested are not relevant. Consequently, Oshkosh's Motion to Compel with respect to Document Request No. 18 is granted.

**C.     Overly Broad and Unduly Burdensome Objection**

This Court has held on several occasions that a document request may be vague, or overly broad and unduly burdensome on its face if the request uses an omnibus term such as "relating to," "pertaining to," or "concerning."[23] That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents.[24] As this Court has previously noted, a request may be overly broad or unduly burdensome on its face "if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope."[25] A request seeking documents relating to a

---

[23] *Sonnino v. Univ. of Kan.*, 221 F.R.D. 661, 667 (D. Kan. 2004).

[24] *Id.* at 667–68.

[25] *Cardenas*, 232 F.R.D. at 382 (quoting *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, 1995 WL 625962, at *6 (D. Kan. Oct. 5, 1995)).

broad range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."[26] When, however, the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face.

### 1. Document Request Nos. 14 and 19

Both Document Request Nos. 14 and 19 request "[a]ll documents referring to, relating to or showing your efforts to market or sell Oshkosh products, from year 2000 to the present."[27] In response to both requests, Roadbuilders "[o]bject[ed] as overbroad and unduly burdensome as to any documents that relate to plaintiff[']s efforts includes their entire operations. Without waiving that objection[,] Roadbuilders has produced all the machine files."[28] Roadbuilders based its objection on the broad language of Document Request Nos. 14 and 19, arguing that precise compliance with the request would result in the disclosure of marketing and sales efforts that expand far beyond the dealership relationship at issue here. Roadbuilders overbreadth argument is limited to the extent that the requests contained in Document Request Nos. 14 and 19 extend beyond the marketing and sales of Oshkosh products. Oshkosh responded by arguing that documents relating to the sales techniques employed by Roadbuilders would potentially lead to the discovery of admissible evidence because it would cast light on the issue of whether

---

[26] *Id.* at 382 (quoting *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, 1995 WL 18759 (D. Kan. Jan. 17, 1995)).

[27] Mot. to Compel, Ex. C (ECF No. 20-3).

[28] *Id.*

Oshkosh's termination of the dealership agreement was lawful. Oshkosh did not, however, specifically address Roadbuilders' claim that the documents requested in the pertinent documents were overbroad.

Applying the overly broad standard set forth above, the Court finds that these requests are so all-encompassing as to make them vague, or overly broad and unduly burdensome on their face. The omnibus term relating to "or referring to" modifies any effort, regardless of its relevance to the present matter, to sell or market Oshkosh and potentially other equipment for a period of over eleven years. The terms of the request thus include a large number or general category of things or documents. Thus, the requests are objectionable because they would require Roadbuilders to sift through an enormous number of documents amassed over eleven years to find *any* document relating to its dealership relationship with Oshkosh. Moreover, the request seeks to have Roadbuilders produce a potentially incalculable number of documents regarding marketing and sales techniques—many of which likely have little or no relevance to the disposition of this case. While the Court is cognizant that many of the documents that fall within the enormous scope of Document Request Nos. 14 and 19 are likely relevant and important to this litigation, it is incumbent upon Oshkosh to reasonably define and request the documents it needs for this litigation. Moreover, Roadbuilders complied with a portion of the disputed document requests and produced the pertinent machine files. Accordingly, Oshkosh's Motion to Compel with respect to Document Request Nos. 14 and 19 is denied.

## IV.     Extension of Time

On March 30, 2012, Oshkosh disclosed its expert report prepared by Mark Vianello. Vianello prepared the expert report without access to the documents the Court has ordered Oshkosh to produce in this Memorandum and Order. Oshkosh asserts that Vianello's expert

14

report may be incomplete or require amendment in light of the documents produced as a result of this Motion to Compel.  The Court is satisfied that the documents discussed above may affect the contents of the previously submitted expert report.  Accordingly, the Court grants Oshkosh and Vianello fourteen days after Roadbuilder's production of the documents required herein to review the documents and make any necessary amendments to the expert report.

## V. Costs

Roadbuilders asks the Court to award its expenses, including attorneys' fees, incurred in responding to the present Motion to Compel.  Under Fed. R. Civ. P. 37(a)(5)(C), when a court grants in part and denies in part a motion to compel, as is the case here, the court may "apportion the reasonable expenses for the motion."[29]  Here, the Court finds it appropriate and just for the parties to bear their own expenses and fees incurred in connection with this Motion to Compel.  The Court therefore denies Roadbuilder's request for expenses.

## VI. Conclusion

For the foregoing reasons, Oshkosh's Motion to Compel (ECF No. 20) is granted in part and denied in part.  Oshkosh's Motion to Compel is granted with respect to Document Request Nos. 7, 8, 9, and 18.  Oshkosh's Motion to Compel is denied with respect to Document Request Nos. 4, 6, 14, 15, and 19.  Because Oshkosh's expert witness prepared the expert report without access to the documents that Roadbuilders must produce as a result of this Order, the Court will grant an extension of fourteen days after the production of said documents for Oshkosh to make any necessary amendments to the expert report.  Finally, the Courts finds that both parties should bear their own costs incurred in connection with this Motion to Compel.

---

[29] Fed. R. Civ. P. 37(a)(5)(C).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (ECF No. 20) is granted in part and denied in part as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff shall produce, without asserting any objections, all requested documents, as ordered by the Court herein, within twenty days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant's expert witness shall have fourteen days after the production of the documents ordered produced herein to make necessary amendments to the expert report.

**IT IS FURTHER ORDERED** that each party should bear its own costs associated with this Motion to Compel.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 4th day of May 2012.

cc: All counsel

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge